UNITED COMPANIES FINANCIAL
CORPORATION,
Plaintiff–Appellant,

v.

MELLON FINANCIAL SERVICES COR-
PORATION #7, and Paul R. Valteau,
Jr., Defendants–Appellees.

No. 90–3225.

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1991.

Irl R. Silverstein, Gretna, La., for plaintiff-appellant.

Rader Jackson, Donald A. Meyer, Barry H. Grodsky, Shushan, Meyer, et al., New Orleans, La., for Mellon Financial Svc.

Salvatore Panzeca, Racivitch, Carriere, et al., Metairie, La., for Valteau, Jr.

Before THORNBERRY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

An inferior mortgage holder sued a first mortgage holder and civil sheriff seeking damages under § 1983 resulting from the foreclosure and sale of mortgaged property without adequate notice. The district court found that the inferior mortgage holder received adequate notice of the sale and dismissed the suit. We affirm.

I.

Mr. and Mrs. Roscoe McCormick, Jr. (McCormicks) mortgaged the property involved in this litigation. In October 1978, the McCormicks executed a mortgage in favor of Federal National Mortgage Asso-

ciation and serviced by defendant-appellee, Mellon Financial Services Corporation # 7 (Mellon). Then in July 1984, the McCormicks executed a mortgage in favor of plaintiff-appellant, United Companies Financial Corporation (United). The United mortgage ranked second to the Mellon mortgage on the McCormick property. The McCormicks defaulted on their Mellon mortgage. In December 1988, Mellon foreclosed on the McCormick property. After Mellon mailed a notice of sale to United's Gonzales, Louisiana office, the property was sold at a sheriff's sale conducted by defendant-appellee, Orleans Parish Civil Sheriff Paul R. Valteau, Jr. (Valteau).

United then sued Mellon and Valteau under 42 U.S.C. § 1983 for failing to provide it with adequate notice of the sheriff's sale. United alleged that this failure violated rights secured to it under the due process clause of the fourteenth amendment. The trial court found that the November 1988 letter sent by Mellon to United served as adequate notice of the sale. The district court then granted judgment for Mellon and Valteau, dismissing United's complaint. United filed a timely appeal.

## II.

United first argues that appellees were required to give it notice of foreclosure and sale of the mortgaged property under our decisions in *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883 (5th Cir.1989), and *Davis Oil Co. v. Mills*, 873 F.2d 774 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 331, 107 L.Ed.2d 321 (1989). Mellon contends that inferior mortgage holders such as United can take no comfort from these cases. Mellon adds that even if these 1989 cases apply to second mortgagees, we cannot apply them retroactively to a 1988 sale. We need not address these issues because assuming without deciding that *Small Engine* and *Davis Oil* required Mellon to notify United of the foreclosure sale, the trial court's finding that Mellon gave United adequate notice is not clearly erroneous.

■ United does not dispute that notice by mail may be adequate notice (*see Mennonite Bd. of Missions v. Adams*, 462 U.S.

791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983)), but instead argues that it never received the Mellon letter. Mr. Rader Jackson, Mellon's attorney, testified that he sent a letter giving notice of the sale to United's office in Gonzales, Louisiana. The letter was not returned to Mellon's attorney. Owen Triche, manager of United's Gonzales office, testified that he did not remember ever seeing the letter. After hearing the testimony of both witnesses and seeing a copy of the letter admitted into evidence, the trial court found that the letter was properly mailed and not returned to the sender. The court concluded that such a letter is "presumed to have been received." *Lyle Cashion Co. v. McKendrick*, 204 F.2d 609, 611 (5th Cir. 1953). The trial court further concluded that Triche's testimony did not rebut the presumption of receipt. The district court's factual finding that United received the letter is not clearly erroneous.

■ United next argues that even if its Gonzales office received the letter, the notice was inadequate because Mellon sent it to an office which had no connection with the mortgage in question. United argues that because it has many offices, notice is adequate only if sent to an office with some relationship to the mortgage at issue. United established that its Gonzales office never dealt with the McCormick mortgage. United admits the letter could have served as adequate notice had it been sent to either its Metairie or Kenner office which processed the loan or to its home office in Baton Rouge. Mr. Jackson, Mellon's attorney, testified that he used the Gonzales address because it was in an index he kept of second mortgage lenders for the purpose of sending *Mennonite* notices. He testified that before and after the foreclosure on the McCormick property he sent correspondence about mortgaged properties to United at the Gonzales address. He added that he was never notified that his correspondence should have been sent to a different address.

Mr. Triche with United's Gonzales office testified that he had dealt with Mellon for five years and admitted receiving Mellon

correspondence in Gonzales. Triche also said that he remembered Mellon's law firm from another case years before. When asked what steps he would have taken in this case if he had received the Mellon letter, Triche testified:

> Well, I would have made sure it wasn't one of my accounts. If it pertained to any United Companies' office, I would have probably got on the phone and called. You know, if it says it's from New Orleans, I probably would have called one of the office branches and I would have probably mailed a copy to the New Orleans branches as well as my own office to see if we could find out, you know, if it was pretty serious.
>
> . . . .
>
> I have been doing this a long time, and that's a pretty serious letter. If somebody is foreclosing on one of our pieces of property, if I got it on the phone, I would probably call Jeff [Collette, manager of United's Kenner and Metairie offices], or whoever is manager at the time, and I would say "Look, I have got a piece of paper that looks like you're losing a piece of property; you need to check on it." And I would have mailed them a copy of this, or faxed it. We had a fax machine at the time.

Thus United's own witness undercuts its argument that notice to the Gonzales office was not adequate. Triche testified that if he had received the letter, he would have taken the necessary steps to protect United's interest. While the adequacy of the notice to United would have been clearer if Mellon had given notice of the sale to United's Kenner or Baton Rouge office, the trial court's finding that notice to the Gonzales office was adequate is not clearly erroneous. Because of the fact-based nature of this inquiry, we decline to establish firm guidelines for determining the adequacy of notice for these purposes. We conclude simply that the trial court did not commit clear error in this case when it found that Mellon's letter to United's Gonzales office was adequate notice of the foreclosure sale.

Accordingly, the judgment of the district court dismissing United's complaint, is

AFFIRMED.